(81 South. 383)

No. 21851.

MacDONNELL v. DREYFOUS.

(March 31, 1919.)

*(Syllabus by Editorial Staff.)*

CONTRACTS ☞280(4) — ARCHITECT — AGREEMENT TO PREPARE PLANS—EXCESSIVE COST OF BUILDING.

Where an architect agreed to prepare plans for a building to cost in the neighborhood of $50,000, and the plans prepared and delivered were for one that would cost $69,000, together with the usual excess, the owner was not liable to the architect for the plans.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Suit by Francis J. MacDonnell against Jules S. Dreyfous. From judgment dismissing the suit, plaintiff appeals. Affirmed.

William C. McLeod, of New Orleans, for appellant.

Howe, Fenner, Spencer & Cocke, of New Orleans, for appellee.

PROVOSTY, J. Defendant, desiring to build an apartment house, employed plaintiff as architect. Defendant states that he and plaintiff, in their conversations as to what the house should cost, had in mind the Arcadia apartment house of two floors and a basement which had just been completed at an expense of $17,000; that they thought it would be well to have an additional floor, and estimated that this would add $10,000 to the cost, and that there would be about $3,000 more expense in architect's commissions and extras, making a total of $30,000; that later they concluded to have still another floor, which would add another $10,000, and would, with the architect's fee and other things, raise the cost to probably $50,000 as an outside limit; that they agreed that the cost should not exceed this limit. Plaintiff admits the original estimate of $30,000, but denies that any definite amount was fixed for the cost after the fourth floor had been agreed on, and still less that an outside limit was agreed on. His statement in that regard is as follows:

"Q. Well, what change was made in the original idea to limit the cost to $30,000? A. We didn't fix any definite amount for the building; we talked generally in the neighborhood of $50,000, but no definite amount was fixed. Q. What amount was fixed as the outside limit that the building would cost? A. We never arrived at any definite limit of cost."

Plaintiff planned a building the probable cost of which, according to his own estimate, would be $61,445. This was far more money than defendant cared to put into his building, or had at his command, or indeed was sure of being able to procure. He therefore suggested that plaintiff see whether changes could not be made to bring the cost down materially. He consented, however, that in the meantime, plaintiff should call for bids on the several parts of the work as planned. The bids showed that the expense would probably exceed $69,000. While this was entirely beyond defendant's original idea, he was not unwilling to go on with the project even at that cost, and made efforts to procure the necessary funds, and had not yet given up all hope of succeeding when plaintiff brought the present suit for his architect's fee in the matter. In the meantime letters had passed between the parties, plaintiff claiming payment, and defendant answering that it was not yet certain that he owed anything, meaning thereby that, unless he found himself in a position to utilize plaintiff's work, he would not owe anything. Nevertheless, as plaintiff was urging that he had been at great expense in preparing the plans and specifications, defendant made a payment of $250, protesting while doing so that he was not to be considered as admitting thereby that he owed anything. He sues in reconvention to recover back the amount thus paid. In the first answer filed by him his defense was that, inasmuch as the plans, etc., prepared by plaintiff were for a building the cost of which would not be even approximately that of the building in contemplation, he was not bound to accept them, and, as a matter of fact, did not accept them, and therefore owed plaintiff nothing. In a second answer he urged the further defense that the plans, etc., of plaintiff could not in any event have been used, because in many important respects they violated the building laws of the city, and that therefore he was under no obligation to accept them. The latter defense the plaintiff objected to, because changing the issues, and because, "where a party has given a reason for his conduct and decision in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration." The trial judge dismissed both the suit and the reconventional demand. Subsequently defendant constructed on the site in question an apartment house costing $27,000.

The learned counsel for plaintiff concedes the law to be that, as stated in Williar v. Nagle, 109 Md. 75, 71 Atl. 427, 16 Ann. Cas. 982:

"An architect employed to prepare plans and specifications for a building to cost a specified sum cannot recover compensation for his services where the building cannot be erected except at a cost materially in excess of the amount specified."

But he contends that there was no specified sum agreed upon in this case for the cost of the building. On that point plaintiff and defendant contradict each other; but, granting that there was not, still, even on the admission of plaintiff, the building in contemplation was to cost in the neighborhood of $50,000, and the plans were for one that would certainly cost $69,000, with the to be expected plus—in fact, beyond the means of defendant.

We think the other defense equally good, but find no necessity for going into it.

Defendant did not appeal from the judgment rejecting the reconventional demand, and has not filed in this court an answer to the appeal.

Judgment affirmed.