*344
 
 MOISE, Justice.
 

 Plaintiff, Sol Rosenthal, appeals from a judgment rejecting his demand for $6,711.-06, alleged value of professional architectural services rendered to the defendant for the drawing of plans and specifications for a hospital in Metairie, Louisiana.
 

 The district judge found that there was a cost limitation fixed by the defendant for the building, which was exceeded by the plaintiff, and permitted parol evidence to prove that fact. He decided in favor of the defendant and dismissed plaintiff’s suit.
 

 On June 21, 1945, plaintiff and defendant entered into the contract herein involved, which is the standard form of agreement issued by the American Institute of Architects. The defendant had no part in the preparation of the contract; it was handed to him by the plaintiff who was a member of the organization. The contract provided for the drawing of plans for a one story masonry, fire resistant, flat roof clinic and hospital. The size of the hospital, the number of rooms for patients, the operating rooms and fixtures, the cost of the structure, etc. must all be discussed by the owner and the architect in order to ■prepare plans and specifications for a hos•pital.
 

 Of course, we realize that when a district judge hears the evidence during a trial there must be some things that, are self evident, and there are some which are proven by the senses; and there are other subjects’ which address themselves to’ no particular standard of truth but to human experience or human nature. We look at the influences which have surrounded our fellow man, and, then, we sound his heart by the plummets which we apply to our own.
 

 In this instance, the owner and the architect met together for discussing the construction of the hospital building. The first major consideration which would address itself to the ordinary mind would be the cost of the structure, and it must be ■ immediately determined. It is a self determining question because a building must be designed in accordance with the ability of the owner to pay. The architect participates in this discussion in order that he might design a building within the means of his client. Plaintiff’s bill to defendant reads as follows:
 

 “For professional services rendered:
 

 “Preliminary drawings, studies, working drawings and specifications for one-story Masonry Hospital, Metairie, La. in accordance with contract dated June 21, 1946:
 

 “Estimated Cost, $123,490.00 @ 6%......$7,409.40
 

 “Engineers’ Services:
 

 Electrical work....$9,310.00
 
 @ 4%
 
 372.40
 

 Mechanical work .,..$29,157 @ 4% 1,166.28
 

 $8,948.C8
 

 “Payable under contract 75% of $8,948.08... $6,711.06”
 

 The plaintiff brought suit upon the contract, described above, and alleged that he furnished complete plans and specifications in compliance with the contract which were delivered to the contractor designated by
 
 *346
 
 the defendant. He averred amicable demand without avail and prayed for a judgment in the sum of $6,711.06 and recognition of his first lien and privilege on the property of the defendant.
 

 The defendant answered plaintiff’s petition and averred that a part of this contract was a verbal agreement and understanding as to a cost limitation of the building — • this limitation beginning at $60,000 and being progressively raised after numerous discussions to $100,000, including architects and contractor’s fees — which had not been fulfilled by the plaintiff. Under the strenuous objections of plaintiff’s counsel, parole evidence was admitted.
 

 Our learned brother below found that there was a definite understanding between plaintiff and defendant herein as to the cost limitation of the hospital, and that the plans and specifications submitted by plaintiff were for a building that far exceeded the proposed limit of such construction. In reasons for judgment, the court stated:
 

 “The Court is of the firm opinion, and relying upon the decisions of the appellate courts, and more particularly the rule of law enunciated in MacDonnell v. Dreyfous, 144 La. 891, 81 So. 383, and Andry & Feitel v. Ewing, Jr., 15 La.App. 272, 130 So. 570, that where an architect furnished plans and specifications for a building in excess of the originally contemplated cost that the defendant would not be liable for the architect’s fee, and the Court believes that there was definite understanding as to the consideration by and between defendant and plaintiff herein as to the cost limit of the construction of the hospital, and that plans were submitted by the plaintiff herein for a building to cost greatly in excess of the original proposed cost of the building, and for that reason that the defendant herein is not liable for the architect’s fees. * * * ”
 

 The polar star for consideration is a factual issue. Was there a cost limitation on the proposed structure? Once this question is resolved, the contradictions, the inconsistencies, the waivering in the testimony, etc. will no longer tax the judicial mind.
 

 The district judge saw and heard the witnesses. So many things happen in the court room that are not susceptible of being taken down by the court stenographer for a record for this Court, but all come within the eye of the trial judge. Therefore, he is in a far better position than we, who have only the bare and barren testimony before us, to determine the factual issues clearly.
 

 Therefore, the long line of precedent as to not overruling the trial judge’s factual findings unless manifestly erroneous and the uniformity of a constant repetition of this rule cannot, in this case, be wholly relaxed or entirely left behind, else there would hardly be any judicial ordering or
 
 *348
 
 navigable lanes for the development of •our judicial system. Moser v. Moser, 220 La. 295, 56 So.2d 553; Nalty v. Nalty, 222 La. 911, 64 So.2d 216.
 

 The plaintiff argues with great zeal and ability that even on the admission of the alleged inadmissible evidence the cost limitation has not been made manifest.
 

 We did not see or hear the witnesses, but, nevertheless, we have shown a deference for the plaintiff’s contention by carefully studying and closely scrutinizing this record, and, after so doing, we are unwilling to say that the trial judge’s findings are manifestly erroneous. Martin v. Martin, 212 La. 1092, 34 So.2d 329.
 

 Plaintiff urges Article 2276 of the LSA-Civil Code relative to parole evidence which reads: •
 

 “Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
 

 There are exceptions to the above stated rule; first where there is a collateral agreement which supplies an omission in a written contract; and, secondly, where ambiguities exist in the written contract and may be clarified by showing the intention of the parties.
 

 “When persons commit their agreements to writing, their intentions and .purposes cannot be sought outside the four corners of the written instrument. Where the terms of the agreement, however, are so ambiguous as not to be susceptible of intelligent construction, parol evidence may be admitted to make clear that which is obscure; but it is certainly in direct contravention of article 2276, Civ. Code, to admit parol, not to explain, but to add to and contradict, a written agreement.” Bank of Napoleonville v. Knobloch & Rainold, 144 La. 100, 80 So. 214, 216.
 

 “It is elementary that in the interpretation of a contract the court must give legal effect to the instrument according to the true intent of all the parties, and' such intent is to be determined by the words used therein, without the aid of extrinsic evidence, when these are clear and explicit and lead to no absurd consequence. Revised Civil Code, Article 1945; [authorities], Where however, the instrument is so ambiguous that it creates doubt as to what the parties intended, extrinsic evidence may be resorted to as. an aid in its construction. [Authorities.] Gulf Refining Co. v. Garrett, 209 La. 674, 709, 25 So.2d 329, 338.
 

 “It is true that, in the execution of deeds and like instruments, the intentions of the parties must be gathered from inspection of the instrument without the aid of extrinsic evidence, if' their intentions can be thus ascertained, but, if an instrument is so ambiguous-
 
 *350
 
 as to leave the mind in doubt as to what the parties intended, extrinsic evidence may be resorted to as an aid in construction; or, in other words, when the intent of the parties is doubtful, the construction put upon the instrument by the manner in which it has been executed by both, or by one with express or implied assent of the other, furnishes the rule for its interpretation. [Authorities.]” Plaquemines Oil & Development v. State, 208 La. 425, 23 So.2d 171, 174. See, also, Corona v. Corona, 221 La. 576, 59 So.2d 889.
 

 In the present case, the amount of money for the structural cost is not set forth, and only through parole evidence can the intention of the parties as to whether there was a cost limitation or whether the plaintiff was to have carte blanche as to the cost be determined. The evidence was properly received. The district judge found that there was a cost limitation, and we are not disposed to disturb that finding.
 

 Dr. Gauthier went along with Mr. Rosenthal- and made numerous suggestions as to many plans submitted. One only has to read the entire testimony to realize that Dr. Gauthier could not secure a loan in a sufficient amount for the structure proposed. He had to have a building that •came within his cost limitation. Dr. Gauthier testified that when the figure of $123,490 was submitted to him, he told Mr. Rosenthal that $100,000 was his top limit, and the deal was off if he could not reduce the price. We shall add that Mr. Rosenthal denied emphatically that there was any cost limitation.
 

 The admission of surrebuttal testimony was within the discretion of the trial judge. However a review of the testimony of these witnesses is not necessary for decision.
 

 Each side took the best view of his client’s case and gave faithful service to the trial thereof. From a consideration of all the facts and circumstances, we cannot say that the judgment of the district court is manifestly erroneous.
 

 For the reasons assigned, the judgment is affirmed at plaintiff’s cost.
 

 HAWTHORNE, J., absent.