SAMUEL, Judge.
This suit was originally filed against a husband and his wife but on a plaintiff motion was dismissed as to the wife prior to trial. Hereinafter, the husband will be referred to as “defendant”.
Plaintiff, an architect, was employed by defendant to draw plans and specifications for the renovation of a dwelling in the City of New Orleans to the end that plaintiff could use the building for the conduct of his business. Both parties understood that the cost of the renovation was not to exceed $25,000.00.
Several months later, after numerous meetings between the litigants, plaintiff completed plans and specifications for the renovation in accordance with defendant’s wishes relative to warehousing, sales, display, office, etc. He also made sketches and successfully appeared before the proper board for the purpose of changing the zoning law involved. The plans and specifications were put on the market and all bids received from contractors exceeded the $25,000.00 limit. Other meetings were held and various changes were made for the purpose of reducing the price but in the final analysis the lowest bid obtained was in the amount of $39,000.00.
Later defendant employed a contractor who had bid on the job when plaintiff’s plans and specifications were placed on the market. This contractor drew and presented plans (approved by a civil engineer) under which he performed the work at a cost of $25,023.50 to the defendant. Several thousand dollars were also paid by the defendant to other contractors for additional work which originally had been included in the plans and specifications drawn by plaintiff.
Plaintiff saw the work being done, checked the plans therefor at the City Regulatory Department, and brought this suit for his fee upon the theory that the contractor’s plans were almost identical, or substantially the same, as plaintiff’s plans and specifications. It was stipulated by both litigants that a fair architect’s fee would be 75% of 10% of the lowest bid received. There was judgment in the trial court in favor of the plaintiff in the sum of $1,875.00. Defendant has appealed. Plaintiff has not appealed nor has he answered defendant’s appeal.
Defendant contends that he is entitled to a judgment dismissing plaintiff’s demand under the rule that an architect who fails to furnish plans and specifications substantially within an agreed cost limit is not entitled to a fee, citing Bruno v. Williams, La.App., 76 So.2d 41, Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367, Andry & Feitel v. Ewing, 15 La.App. 272, 130 So. 570, and MacDonnell v. Dreyfous, 144 La. 891, 81 So. 383. We are of the opinion that the rule relied upon is not applicable. In none of the cited cases were the architect’s plans and specifications used by the owner. In the instant case the opposite is true.
The evidence which relates to the similarity between the plans drawn by plaintiff and those furnished by the contractor consists of the testimony of the plaintiff, an architect (admittedly an expert witness) called by plaintiff, and the contractor who was called by the defendant, and both sets of plans which were received in evidence. Plaintiff and his expert testified that, al *224 though plaintiff’s plans were complete and the contractor’s plans were incomplete, both plans were either almost identical or substantially the same. The contractor testified that he had drawn his plans himself after discussions with the defendant and had not referred to plaintiff’s plans in connection with the drawing of his own. He did admit that he had seen plaintiff’s plans and had bid thereon. We are satisfied from all of the evidence, as apparently was also the trial judge, that plaintiff’s plans were used in connection with the drawing of the contractor’s plans and consequently with the construction under the latter.
While it is true that an architect who fails to furnish plans and specifications substantially within an agreed cost limit is not entitled to a fee, it is also true that in such a case the owner cannot make use of the architect’s plans without paying a fee therefor.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.