YARRUT, Judge.
This is a suit to recover $828.90 paid on account of total fee, and for annulment of an architect’s employment contract, because the lowest bid of $89,937.00 exceeded the agreed maximum cost estimated for the construction of a medical center at Luling, La., for which Defendant-architect was employed to design and prepare the plans and specifications. Defendant admits the contract and receipt of the payment on account, but denies responsibility for the excessive bid, as the contract, executed on the printed form adopted by the American Institute of Architects, provides:
“When requested to do so the Architect will furnish preliminary estimates on the cost of the work, but he does not guarantee such estimates.”
Defendant then reconvened for $2759.65, balance of the fee claimed to be due him.
The District Court rendered judgment for Plaintiff as prayed, and dismissed the reconventional demand, from which Defendant has taken this appeal.
Appellant concedes, and we agree, that the issue is a question of fact, to-wit: whether or not Defendant-architect agreed verbally to draw plans and specifications for the medical center, the cost of which would not exceed $55,000.00. There is no provision in the contract expressly limiting construction cost. The facts developed by the record are:
Plaintiff was introduced to Defendant-architect by a mutual contractor friend. All three discussed the construction of the medical center. The contractor estimated the cost would not exceed $9.00 per square foot for a total of 6,140 square feet; as Plaintiff insisted he could not afford any more. Without protest or objection from Defendant to this estimated cost, the contract was prepared by Defendant alone and ultimately signed. The plans and specifications were then submitted for bids, which ranged from $89,937.00 to $106,-978.00. Plaintiff insisted to Defendant that he could not accept the plans and specifications unless the low bid was reduced materially to conform with his minimum of $55,000.00. The lowest bid was then reduced to $79,760.00, which Plaintiff again refused to accept.
There was testimony that Plaintiff was satisfied with the cost of construction of $70,000.00, which Plaintiff explained was the over-all cost to him of the entire center, including $10,000.00 for the land, and $10,000.00 more or less, for equipment and furnishings. Never once did he agree that he could afford more than $55,000.00 for the building proper. In fact, he had a commitment from an insurance company for a loan for only $50,000.00, subject to its approval of the plans and specifications.
When the plans and specifications were submitted to the State Fire Marshal for approval, he rejected them because they did not comply with the Safety Requirements of the State Law. There is some evidence that the plans were later revised and then approved by the Fire Marshal, but that was after Plaintiff rejected the final plans and bid and demanded the cancellation of the agreement, and the return of the $828.90 paid Defendant on account. Defendant at no time submitted plans and specifications to meet the agreed “upset” construction cost of $55,000.00, which unquestionably had been agreed to at the initial conference between the contractor, Defendant and Plaintiff, and repeatedly confirmed by Defendant. As conclusive evidence that the construction cost limit was $55,000.00, Defendant on three different occasions sent statements to Plaintiff expressly stating the estimate cost of construction was $55,000.00. This establishes the limitation agreement contended by Plaintiff, beyond the peradventure of a doubt.
The contractor who brought the parties together initially, and who estimated the *632 cost at $9.00 per square foot (not exceeding $55,000.00), did not testify, but did submit a bid for $94,800.00.
, The law respecting fees due architects for plans and specifications was fully discussed by the Supreme Court in the case of Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367. There, the Court held that an architect, who fails to furnish plans for a building within the agreed cost limit, is not entitled to his fee, and that parol evidence is admissible to supply omissions in a written contract with reference to the absence of cost limitation.
For the above and foregoing reasons, the judgment of the District Court is affirmed; Defendant to pay costs in both courts.
Affirmed.