REGAN, Judge.
Plaintiff, Edward M. Y. Tsoi, an architect, instituted this suit against the defendant, the Ebenezer Baptist Church, endeavoring to recover the sum of $4,484.46, representing the balance due for services rendered in drafting plans for the renovation of the church and for the erection of an educational building, which he prepared' pursuant to a written contract entered into' with the Rev. L. E. Landrum, Jr., the defendant’s pastor.
The defendant denied the indebtedness, asserting that the contracting parties orally agreed that the plans should be scaled to a *593 cost limitation of $50,000.00,, and that the plaintiff’s plans would have cost in excess of $129,000.00 to execute, thus they were worthless. Then, assuming the postion of plaintiff in reconvention, the church, through its pastor, requested a judgment against the plaintiff for $2,925.00, the amount it had paid him before ascertaining that the plans were totally unsuited to its needs.
From a judgment dismissing both the main and reconventional demands, the plaintiff has prosecuted this appeal.
The most serious question posed for our consideration on the appeal hereof, which is quite usual in cases of this nature, is whether the trial judge properly permitted the defendant to prove an agreement relative to cost limitation through the medium of parol evidence.
The written instrument is the standard form of contract, prepared by the American Institute of Architects, which plaintiff submitted to the defendant after inserting the necessary conditions in the blanks provided therefor. At the defendant’s request, it was modified to include renovation work. However, it is silent as to whether the parties intended to impose a cost limitation upon the architect in preparing the plans.
Counsel for plaintiff argues that the trial judge improperly admitted parol evidence to establish cost limitation, insisting that the testimony altered the terms of the written instruments. In support thereof, he relies upon the rationale of LSA-C.C. Art. 2276 which reads:
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
We find no merit in this contention. The parol evidence did not alter or vary the contract. It merely explains the intention of the parties involving an essential element of the agreement, which was not, but should have been, incorporated therein.
The question which we posed hereinabove for our solution has been resolved by the judges of this state many times, rather recently by the Supreme Court in the case of Rosenthal v. Gauthier,[1] which presented a factual situation almost identical to this one. ■ Therein the court reasoned that an architect’s client could prove an intention to limit cost by parol evidence, where the contract, prepared by the architect, was silent on this point. The rationale thereof fully encompasses this case.
Predicated on the parol evidence adduced herein, the trial court found that the plaintiff was informed by the Rev. Landrum and the Board of Trustees of the church that they could afford not more than $50,000.00 for both the erection of an educational building and the renovation of the church. In addition thereto, the trial judge found that the Rev. Landrum extended the maximum cost therefor to $65,000.00 while the plans were in the process of being drafted. Despite this, plaintiff’s plans could not be executed within either limitation, since the low bid thereon exceeded $129,000.00.
Therefore, he properly concluded that the plaintiff’s services were not performed in conformity with the contract which existed between the parties thereto, and accordingly dismissed the main demand. This result is, as we have said, fully supported by our jurisprudence, the rationale of which is to the effect that an architect who drafts plans that cannot be executed within the cost limitation set by his client is not entitled to a fee for services, since he has not complied with his contract of employment.[2]
Since the defendant has not appealed, the interesting question of whether the dismissal of defendant’s reconventional de *594 mand was proper, unfortunately, is not posed for our consideration.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. 224 La. 341, 69 So.2d 367 (1953).

. MacDonnell v. Dreyfous, 144 La. 891, 81 So. 383; Andry & Feitel v. Ewing, 15 La.App. 272, 130 So. 570.