BOLIN, Judge.
Louis E. Moossy, an architect, sued Huckabay Hospital, Inc., on a contract for *236 fees for professional services performed by plaintiff for the proposed construction of a hospital by defendant. Defendant answered and reconvened for a substantial sum including $5,250 representing the amount paid to plaintiff by defendant under the written contract between the parties. From judgment rejecting the demands of plaintiff in the principal suit and the reconventional demands of defendant, both parties appeal. We affirm the judgment rejecting the principal demand but reverse that portion rejecting the re-conventional demand.
The contract between plaintiff and defendant was in writing and generally provided that the architect was to prepare preliminary studies, drawings, cost estimates, specifications and the things usually performed by an' architect in the construction of a hospital building at Coushatta, Louisiana. For these services defendant obligated itself to pay a maximum of seven per cent of the construction cost of the building. Defendant reserved the right to terminate the contract at any stage by giving written notice to the architect.
There was no provision in the contract relative to the maximum cost of the building. Parol evidence was admitted in order to show whether there was in fact an oral agreement or understanding between the parties concerning the cost and, if so, what this figure was. The testimony on this question was conflicting. Dr. Huckabay, president of defendant corporation, testified it was agreed and understood the plans should be drawn for a building to be constructed for a maximum cost of $350,000. Plaintiff on the other hand says no definite agreement was reached as to a maximum cost. Several exhibits were offered in evidence reflecting Dr. Huckabay wrote letters to plaintiff during the course of the architectural work requesting particular items and extra work to be done. A written estimate, prepared by plaintiff and forwarded to a bank in order to aid defendant in financing the construction, reflected an approximate total cost of $500,000. The preliminary written estimate was $442,486. Dr. Huckabay says he never acquiesced or agreed to these estimates.
In due course the project was advertised for bids and the lowest bid, submitted by Mclnnis Brothers, Inc., was $821,018. Soon thereafter Moossy, Dr. Huckabay, J. L. Mclnnis, president of Mclnnis Brothers, and two engineers who had done the engineering work for plaintiff on the plans, met at Coushatta in an effort to adjust the plans to effect a reduction in cost. During this meeting Mclnnis expressed his opinion it would be impossible to negotiate his bid to any figure approaching $500,000. The court accepted Mclnnis as an expert builder and allowed him to testify as an expert because of his extensive experience in building and his educational background, including a degree in civil engineering. Following this meeting, Dr. Huckabay consulted his attorney who wrote plaintiff a letter informing him the architectural contract was terminated. Thereafter defendant employed another architect and contracted with the “Mclnnis company which built a hospital costing approximately $440,000, including architectural and engineering fees.
 There seems to be no dispute between counsel for plaintiff and defendant that the contemplated cost of construction of a building is an integral part of a contract for architectural services and, where the written contract is silent as to this cost, it can be supplied by parol evidence. Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367 (1953); Tsoi v. Ebenezer Baptist Church, 153 So.2d 592 (La.App. 4th Cir. 1963). Since párol evidence is admissible to show the contemplated cost of the building, the crucial question is: Was there an agreement between Dr. Huckabay and Moossy as to the maximum cost; if so, what was-the specified amount?
Without outlining all of the evidence, we are convinced that in the begin *237 ning both parties understood Dr. Huckabay was expecting to have his hospital constructed at a cost of not more than $350,000. The fact that he mailed a number of requests to the architect specifying certain changes in materials, equipment and floor plans should not have been interpreted by the architect as authorizing a greater expenditure for the building. The same reasoning applies to the various “extras” allegedly requested by Dr. Huckabay. An architect is a highly skilled and specialized professional and as such he owes a duty to his customer to inform him if requests are exceeding the expected expenditures.
Counsel for plaintiff contends the written estimate reflected the cost would be approximately $500,000. Dr. Huckabay testified he considered this a maximum estimate prepared by plaintiff and forwarded to a financial institution to aid him in obtaining financing for the hospital. Our conclusion is that plaintiff had clear instructions at the beginning to prepare specifications for a building not to exceed a cost of $350,000. We further conclude no person with the authority to represent defendant corporation ever authorized or approved the preparation of any specifications for the construction of a hospital exceeding the original estimate. There is evidence indicating Dr. Huckabay was apprised of the fact the lowest bid might be as much as $500,000, in which event defendant would have the option of accepting the contract if financing could be secured, or negotiating with the contractor for a lower figure.
Plaintiff also contends defendant did not comply with Section IV, paragraph (5) of the contract, which provides:
“If the estimated project construction cost or the lowest bona fide proposal is in excess of any limit stated herein, the Owner shall give written approval of an increase in the limit, or he shall cooperate in revising the project scope or quality, or both, to reduce the cost as required.”
In an effort to show lack of cooperation by Dr. Huckabay, plaintiff offered testimony of two engineers. These engineers, as did plaintiff, testified specific items could be changed or eliminated which would reduce the total bid price to slightly less than $500,000. However, after carefully reviewing all the evidence, we agree with the version of Mr. Mclnnis that “even if the proposed changes were made, the hospital could not be built for $500,000.” Under these circumstances we hold the architectural services rendered by plaintiff to defendant were of no value and, consequently, plaintiff has failed to fulfill his con-tractural obligations and as a result he forfeits any right of recovery.
Defendant reconvened for $158,713.70. Defendant paid plaintiff $5,250 for the preparation of the original plans. Since plaintiff’s services were of no benefit to defendant, the latter party is entitled to recover this item under its reconventional demand. The remaining items claimed under the reconventional demand are too speculative to support a judgment.
For the reasons assigned, that portion of the judgment rejecting plaintiff’s demands is affirmed; that portion of the judgment dismissing the reconventional demand is reversed and it is now ordered there be judgment in favor of Huckabay Hospital, Inc., against Louis E. Moossy for $5,250.-00, together with legal interest thereon from judicial demand until paid.
It is further ordered that Louis E. Moosy pay all costs of these proceedings, including the cost of this appeal.