MARVIN, Judge.
The plaintiff bank sued Williamson on a promissory note. Williamson, as third-party plaintiff, sued Southern as third-party defendant on Southern’s written assumption of the note. The bank was awarded judgment on the main demand against Williamson. Williamson was awarded judgment on the third-party demand against Southern. Southern appeals. We affirm.
Williamson and Southern were engaged with others, as a corporation in utility con *173 struction business under the name of Southern and Williamson Construction Company, Inc. The corporation was not making a profit when the transaction at issue herein occurred. Williamson owned 3,000 shares of the corporate stock.
Sometime before April 4, 1975, Williamson executed to the bank a promissory note for $2,000. On April 4, 1975 (or April 6, 1975), Southern and Williamson executed this agreement, written and prepared by Southern:
“I, A. E. Southern, Jr., agree to assume a $2,000 note to Ouachita National Bank in the name of B. E. Williamson as full payment of 3,000 shares of stock of Southern & Williamson Construction Co., Inc.
“I further agree to assume all responsibilities that B. E. Williamson may have in connection with Southern & Williamson Construction Co., Inc.”
Williamson transferred his stock to Southern when the agreement was signed. When Williamson’s note became due, neither Williamson nor Southern paid it.
On May 26, 1975, Williamson obtained an endorser (apparently satisfactory to the bank) and he and his endorser executed a “new” note to the bank for $2,049.31 due 90 days from its date. This was the note sued on by the bank in November, 1975.
In his answer to the third-party demand Southern admitted:
“. . . the contractual agreement [of April 4, 1975] was entered into as alleged but shows that the responsibilities contemplated by the agreement concern only the responsibilities of B. E. Williamson insofar and only insofar as his duties for and on behalf of the corporation were concerned and had nothing whatsoever to do with any legal liability of the said B. E. Williamson to Ouachita National Bank or in connection with any other obligations contracted by third party plaintiff on behalf of the Southern & Williamson Construction, Inc. or otherwise.” Record, page 10.
Southern contends here that the trial court erred in not holding that the “new” note of May 26, 1975, effected a novation and released him from any obligation he may have assumed toward the bank by reason of the agreement of April 4.
Novation, as is discussed infra, is the extinguishment of an existing obligation and the substitution, in its place, of a new obligation. It is an affirmative defense which must be “affirmatively set forth” in the answer to a demand, or otherwise factually pleaded so as to afford “fair notice” of the defense to the plaintiff. (See C.C.P. Art. 1005; Cox v. Heroman & Co., Inc., 298 So.2d 848 (La.1974) and Paxton v. Ballard, 289 So.2d 85 (La.1974)). See also Campbell v. Clark, 43 So.2d 553 (La.App. Orl.1950). Southern’s pleading did not raise the affirmative defense of novation in express terms or by an assertion of sufficient facts which would afford “fair notice” to Williamson that Southern was attempting to raise such a defense. As we appreciate Southern’s answer, he is attempting to show that the written agreement was not intended to encompass the assumption of any personal debts of Williamson to the bank or to other creditors. The record shows that Williamson’s counsel objected to Southern’s attempt in the trial court to raise the affirmative defense of want or failure of consideration, as contrary to C.C.P. Art. 1005. The record does not show that Southern attempted to raise the affirmative defense of novation in the trial court, or that novation was argued to the trial court. We are not favored with what arguments, if any, were made below and we do not have before us any reasons, oral or written, assigned for the judgments below by the trial court.
The affirmative defense of novation was not properly before the lower court because of the circumstances we have mentioned. As an appellate court, we are authorized by C.C.P. Art. 2164 to render any judgment which is just and proper on the record, but this authority does not extend to our consideration on appeal of defenses which are required to be pleaded below and which may not be pleaded here. See Young v. Warner, 283 So.2d 547 (La.App. 1st Cir. *174 1973). Under the circumstances of this case, the affirmative defense of novation may not be raised for the first time on appeal.
Even should our holding be otherwise as to raising the defense of novation, appellant is found substantively lacking. The record clearly shows that the May 26, 1975 note sued on was merely a renewal and extension of Williamson’s earlier note to the same creditor. Williamson’s obligation to the bank was not extinguished by the May 26 note. Novation is not to be presumed and the intention to effect novation must be clearly shown by the terms of the agreement under which novation is contended or by a full discharge of the original debt. See C.C. Arts. 2185, 2187, 2190; Davis v. Welch, 128 La. 785, 55 So. 372 (1911); and Bank of Coushatta v. Coats, 170 La. 163, 127 So. 587 (1930).
 Southern also complains that parole evidence was erroneously permitted below “to prove [a] promise to pay the debt of a third person” contrary to C.C. Art. 2278. Testimony relating to the April 4 agreement was properly admitted to show that the debt assumed was the same debt as evidenced by the May 26 note sued upon. The assumption of Williamson’s debt by Southern was in writing. This writing was prepared by Southern. If there be any ambiguity in the writing it is to be construed against Southern. C.C. Arts. 1955, 1957; Edwards v. Terminix, 292 So.2d 851 (La.App. 2d Cir. 1974).
At appellant’s cost, judgment is
AFFIRMED.