GARRISON, Judge,
dissenting.
I dissent.
This court may not substitute its own credibility determinations for that of the trier of fact. In Canter v. Koehring Co., 283 So.2d 716, 724 (La., 1973), the Supreme Court stated:
“Preliminarily, however, we address ourselves to an error of appellate review of fact exhibited by the majority opinion: When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact: where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reasons for- this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts. See: Andrews v. Williams, 281 So.2d 120 (La.Sup.Ct.1973); Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276 (1964); Schlesinger v. Fontenot, 235 La. 47, 102 So.2d 488 (1958); Holmes Co. v. Foret, 229 La. 360, 86 So.2d 66 (1956); Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367 (1953); Rhodes v. Sinclair, 195 La. 842, 197 So. 575 (1940); and many other decisions cited at West’s Louisiana Digest “Appeal and Error”, Nos. 1008 and 1011. See also: Robertson, Appellate Review of Facts in Louisiana, 21 La.L.Rev. 402 (1961).
Our review of the record convinces us that our intermediate brethren erred in failing to apply in the instant case this principle of appellate review of facts.” (emphasis added).
The rule of Canter, was further explained in Arceneaux v. Domingue, 365 So.2d 1330 (La., 1978) wherein the Supreme Court stated:
“As an aid to the exercise of the appellate function of review of facts in civil cases, we attempted to explain, in Canter v. Koehring, supra, without great detail, the appropriate standard. We said that “even though the appellate court may feel that its own evaluations and inferences are as reasonable,” it should not disturb reasonable findings of the trial court when there is conflict in the testimony. We prefaced this observation: ‘When there is evidence before the trier of fact which, upon its reason *151 able evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.” 283 So.2d 716, 724.
We did not foresee that this explanation would be misunderstood to mean, that: “There is no manifest error when the evidence before the trier of fact furnishes a reasonable basis for this finding." We said the appellate court should not disturb this factual finding in the absence of manifest error. The difference is important. ‘Manifestly erroneous, ’ in its simplest terms means ‘clearly wrong.’ We said, then, that the appellate court should not disturb such a finding of fact unless it is clearly wrong. Therefore, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous).” (At 1333)(emphasis added).
In the instant appeal, the majority is attempting to substitute its own credibility determination where there is a conflict of testimony, for that of the trier of fact, namely the jury and presumably the trial judge who did not take steps to change the jury verdict.
Dr. Cherrie testified that the emotional stress of the incident aggravated plaintiff’s pre-existing tendency to premature labor; Dr. Ward testified that it did not. The jury obviously believed Dr. Cherrie’s testimony over Dr. Ward’s testimony. It would be an abuse of power for this court to substitute its own judgment for that of the jury on this credibility call.
The majority has written a very good criminal law opinion. That matter, however, is another proceeding, namely, “State v. Cheryl Fauria # 57225 34th Judicial District Court” which proceeding is not before this court. There is no evidence that plaintiff was convicted and this court cannot act as the St. Bernard trial court by virtue of this appeal. This is a civil case.
For the reasons discussed, I would uphold the jury verdict and the trial court judge and affirm the judgment below.