LABORDE, Judge.
This proceeding was instituted by the First National Bank of Lafayette (FNB) to enforce a continuing guaranty agreement. Judgment was rendered by the trial court against the defendant, James R. Smith, in the amount of $20,000.00 plus 16% interest and 25% attorney fees. The defendant appeals the judgment which we affirm.
On January 27, 1982, Smith executed a continuing guaranty, in the amount of $15,-000.00, on behalf of Petroleum Catering, Ltd. On March 23, 1982, Smith executed a second guaranty, nearly identical to the first, in the amount of $20,000.00. Both run in favor of FNB. The parties have stipulated that Smith’s liability under the second ($20,000.00) agreement alone is at issue here.
Defendant complains that the trial court improperly refused to consider parol evidence which would, allegedly, have established that the written document does not reflect the true and complete agreement. Specifically, Smith alleges that par-ol evidence would establish that the second guaranty was intended to secure only those advances made prior to the confection of the guaranty, that is, advances made prior to March 23, 1982. Smith would have us review the parol evidence on the basis that extrinsic evidence is admissible to clarify ambiguities contained in written acts. See, e.g., Mathieu v. Nettles, 383 So.2d 1337 (La.App. 3rd Cir.), writ denied, 390 So.2d 202 (La.1980).
The alleged ambiguity is found in the consideration description:
IN CONSIDERATION OF THE FIRST NATIONAL BANK OF LAFAYETTE, LOUISIANA, at my request, giving or extending terms of credit, from time to time, one or more times, or having given or extended terms of credit (whether by the making of a loan, renewal of a loan, the extending of the maturity therefor, or otherwise) to PETROLEUM CATERING LTD (hereafter called “Debtor”), I James R. Smith hereby give this continuing guaranty to the said FIRST NATIONAL BANK OF LAFAYETTE, its transferees or assigns, for the payment in full, together with all interest, attorney’s fees and charges of whatsoever nature and kind, of any indebtedness or liability, direct or contingent, of said Debtor to the said FIRST NATIONAL BANK OF LAFAYETTE; whether as maker or endorser, whether on open account or overdraft or evidenced by note or draft, secured or unsecured or otherwise; the extent of my obligation, however, being limited in the amount of Twenty Thousand dollars and no/100 ($20,000,00) Dollars, plus interest, fees and charges, whether due or to become due and whether now existing or hereafter arising[.]
The disjunctives in the sentence leave unclear, says Smith, whether the consideration consisted, on the one hand, of present and future advances, or, on the other hand, of past (pre-March 23, 1982) advances alone. We fail, as did the trial judge, to detect the ambiguity. The consideration consisted of present, past, and future advances. Disjunctive phraseology does not necessarily signal ambiguity. More fatal to Smith’s argument is its irrelevancy. While common law notions such as consideration do often creep into the case law of this jurisdiction, civilian this jurisdiction remains. “Cause,” the civilian analogue of consideration, is the reason why a party obligates himself. Cause, not consideration, is the sine qua non of Louisiana contracts. La.Civ.Code articles 1966 and 1967. Here we find ample cause. Moreover, the consideration clause, on which Smith insists that we focus, is quite distinct from, and has no bearing upon, the clause specifying the debts for which Smith became guarantor; the critical portion recites: “I, James P. Smith hereby give this continuing guaranty ... for the payment in full ... of any indebtedness or liability, direct or contingent, of said Debtor [.]” We find, of course, no ambiguity in this clause either. The trial judge committed no error in excluding parol evidence.
*795 We have reviewed the parol evidence, which entered the record on a proffer, because Smith insists that there was a collateral agreement to the guaranty by which FNB promised to-use the guaranty as secondary collateral only. This allegation was also made in Smith’s answer to the petition. Review of parol evidence under these circumstances is allowed under the decisional law. Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367 (La.1953). We conclude, however, that nothing critical was omitted from the instrument, and that it expressed the full intention of both parties.
We also reject Smith’s allegation that the guaranty contract was extinguished by novation through renewal of the primary obligations. FNB argues persuasively and convincingly that, even should renewals constitute novations (which they do not; Ouachita National Bank in Monroe v. Williamson, 338 So.2d 172 (La.App. 2d Cir.1976)), Smith agreed to remain bound even as to renewals or extensions of credit.
Finally, we dismiss appellant’s claim of equitable estoppel. There are three elements to estoppel: 1) a representation by conduct or word; 2) justifiable reliance; and 3) a change in one’s position to one’s detriment. Cloud Construction, Inc. v. Schneider, Inc., 491 So.2d 32 (La.App. 3d Cir.1986); Lamb v. Lamb, 460 So.2d 634 (La.App. 3d Cir.1984), writs denied, 462 So.2d 1249 and 1250 (La.1985). Estoppels are not favored in our law, and therefore all claims based on this remedy must be strictly and carefully examined. We have reviewed the record, including the evidence submitted under proffer, and conclude that Smith has failed to establish any of the requisite elements of estoppel.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.