## WALKER v. ROSE HILL AMUSEMENT CO., Inc., et al.*
### No. 5192.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

Charles L. Mayer, of Shreveport, for appellant.

Cook, Cook & Egan, of Shreveport, for appellees.

TALIAFERRO, Judge.

Plaintiff was injured in a fall from a toboggan slide at a bathing resort, owned and operated by the Rose Hill Amusement Company, Incorporated, on the Greenwood Road, some 15 miles west of the city of Shreveport. He brings this suit against said company and Charles M. Brenner, on the theory that Brenner is a co-owner and operator of the resort, to recover a large amount of damages.

The elevated end of the slide or chute is attached to a platform 25 feet above the ground. Its farther end extends into the water below, a distance variously estimated, but not exceeding 90 feet. Patrons of the resort, by paying a small amount for the use of sleds or toboggans, have the privilege of riding thereon down the chute. After a loaded sled is once set in motion at the elevated end of the slide, it is propelled at a rapid rate to the water by force of gravity. The frame of the sleds is mounted on four grooved rollers which fit over narrow rails on the surface of the slide. They are 4½ feet long and 18 inches wide, and are intended to accommodate only two persons at a time.

*Rehearing denied April 30, 1936.

Plaintiff, accompanied by a friend named Price, and two young ladies, arrived at the resort about 3:30 o'clock p. m., on May 31, 1934. They paid for a sled, and immediately prepared to make descent via the chute into the water. One of the young ladies sat down on the forward end of the sled; Price was immediately behind her, squatting down. Plaintiff, standing erect, his left foot on the rear end of the sled, and holding to Price's shoulders with both hands, undertook to make the trip with him and the young lady. He used the other foot to start the sled forward, and in doing so, or immediately thereafter, lost his balance. His hands slipped from Price's shoulders, and, after executing some rapid and irregular movements, he fell with considerable force on the 30-inch poultry wire guard on his left side of the slide, about 15 feet from its upper end. The wire sagged under his weight, and he fell perpendicularly 15 feet into water not over 18 inches deep, and was badly shaken up and injured. This wire guard is attached to upright 2x4 timbers.

The gravamen of plaintiff's complaint and the negligence ascribed to defendants are reflected from the following synopsis of articles of his petition:

That the material composing the guard rail was defective; that the rail was inadequate to afford him the safety and protection to which he was entitled as a patron; that due to the defective material therein and the careless manner in which the rail was constructed, it gave way when he fell upon it; that defendants failed to examine the rail and failed to maintain it in a safe and efficient condition; that the platform, adjacent to the slide, was constructed over water not in excess of 10 inches deep. He further alleges that while he is unable to specifically set forth the defects in said guard rail, such were known, or should have been known, by defendants, the slide being under their exclusive supervision; and he further avers that at the time of the accident the guard rail appeared to him to be in good condition, and that its unsafe, inadequate, and faulty condition was unknown to him.

Defendants deny liability to plaintiff for his injuries; deny that he was injured through any negligence on their part; and deny that defendant Brenner had any personal connection with the operation and supervision of the slide. They affirm that the guard rail was adequate and sufficient

to have furnished protection to plaintiff, if he had been using the sled in the usual and customary manner and as he was instructed to do. In the alternative, they aver that the injury suffered by plaintiff was caused directly and proximately by his own negligence and lack of care, in this, to wit:

That he was then under the influence of intoxicating liquors and did not observe ordinary precautions for his own safety, such as a reasonable and prudent person would have done in like circumstances; that it was the unvarying rule of defendant company, well known to plaintiff, that persons under the influence of intoxicants were not allowed to use its facilities; that it is informed and believes that, to conceal his intoxicated condition from the knowledge of its agents and employees, plaintiff did not in person purchase the ticket necessary for his admission into the resort; that his true condition was not observed until immediately prior to the accident and too late to compel him to cease using the sled and leave the resort; that all patrons when they purchase tickets, as was done with the member of plaintiff's party who purchased his ticket, are instructed that two persons only could ride the sleds at one time, and notwithstanding plaintiff's knowledge of this rule, he attempted to ride the sled when there were already two grown persons thereon. And further, that when two persons ride a sled, they are expected and the rules, well known to plaintiff, require that they maintain a sitting posture thereon; and that, notwithstanding all this, when injured, he was attempting to ride the sled in question while standing on one foot, his body erect; and, while thus engaged, it ran from under him or he was pushed from it by one of the others thereon, causing him to lose his balance and roll down the track a considerable distance, gaining momentum as he went, until he finally hit the wire netting placed there for the protection of those who prudently and properly use the sleds, and with the result described.

And defendants further defend on the ground that plaintiff assumed all risks incident to riding the toboggan slide.

Plaintiff's demands were rejected by the lower court, and he has appealed.

■ The issue of negligence vel non of defendants is now restricted to the adequacy of the guard rail of the toboggan slide. Testimony bearing upon this ques-

tion was objected to by counsel for defendants on the ground that the petition did not disclose a cause or right of action against either. The objection was overruled, and the testimony admitted subject to the objection. In answer to the appeal, this objection is again urged, and we are asked to sustain it. In support of the objection, defendants' counsel argues forcefully that all the allegations of the petition, wherein negligence is charged, are conclusions of law, and not the assertion of facts, from the proof of which legal conclusions may be drawn. There is considerable merit in this contention and the objection may be good to the extent argued, but as the case was tried fully on its merits and all the testimony admitted on trial is in the record before us, we deem it the better course to finally dispose of the case. Should the exception of no cause of action be sustained, another suit could be filed. It is a court's duty, and generally of interest to the public, to terminate finally litigation when the ends of justice are subserved by so doing. Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L.R.A.(N.S.) 480, 118 Am.St.Rep. 391, 10 Ann. Cas. 807.

Objection was also made to the admissibility of any testimony tending to prove any negligence on the part of Brenner, agent, as a contributing cause of the accidental injury of plaintiff, since he is sued as an owner and operator of the resort. Testimony on this issue was also admitted subject to the objection. This question is also urged in answer to the appeal. It is proved that Brenner is a stockholder, director, and officer of the Rose Hill Amusement Company, Incorporated, sole owner of the bathing resort. The duties performed by Brenner were in the capacity of an officer, and it is clear that, having been sued as owner and operator, he could not be held under the pleadings to liability as agent of the owner and operator. The conclusions we have reached on the merits of the case render this issue unimportant.

■ Defendants' bathing resort had been operating five or six years when this accident occurred. This was the first one of the kind to happen. Plaintiff had been a regular patron of the resort over a period of three or four years, and was well acquainted with the operations of the toboggan slide and the hazards involved in riding thereon, especially to the third person

on a sled. Signs warned all visitors that they rode at their own risk. Of course, such a warning would not relieve defendant from every sort of negligence. It is a rule of the resort that only two persons can ride on the sleds at a time, and none standing erect; but we are convinced this rule was not strictly enforced. Plaintiff denies he was aware of such a rule, but no rule or warning is required to impress any reasonable person with the high degree of danger attending a ride down the chute in the manner attempted by plaintiff. He says he had often done so before. It was gross negligence to do so.

■ Plaintiff here contends that the guard rail should have been of such material and construction that it would have successfully withstood the force of his body when and as it was violently hurled against it. We do not agree with this position. Had the guard rail been sufficiently strong and rigid to do this, it is quite probable he would have been injured more severely than he was. It could not have been reasonably anticipated that a mature man, well acquainted with the operation of the slide and the normal hazards ever present in riding it, would be so indiscreet as to add thereto by attempting a ride in the manner plaintiff did. Defendant was not required, as a matter of duty to its patrons, to guard against such a contingency. Ordinary and reasonable care only was required, and this was exercised.

"*Dangers guarded against.*—the proprietor of a theater or other place of public amusement is bound to guard against dangers that could reasonably be anticipated and averted by the exercise of ordinary care, and to furnish adequate appliances for the prevention of injuries which might be anticipated from the nature of the performance, and this is so although the precise injury could not have been foreseen. On the other hand, failure to anticipate and guard against dangers which are improbable and could not reasonably be anticipated is not negligence." 62 Corpus Juris, p. 868, § 55; 26 R.C.L., p. 714, § 15.

■ The operator of a bathing resort, or other place of amusement, is not an insurer of the safety of those who patronize it. R.C.L. supra.

■ Plaintiff argues that there can be no question about the apparent and obvious possibility of such an accident happening,

and therefore the duty devolved upon defendants to specially guard against it happening. This position is without merit or force unless it be assumed that defendant was charged with the duty of anticipating that plaintiff would act as he did. It was not so charged. There was no apparent and obvious possibility of such an accident happening, if defendants' rules were observed, and had plaintiff followed · a course obviously demanded for his own safety. Had he done this, the accident would not have happened.

The following, taken from 26 Ruling Case Law, p. 721, § 20, clearly expresses the correct doctrine in a case of this character: "Where a party maintains a bath house or a diving or swimming place for the use of the public for hire, and negligently permits any portion of the same or its appurtenances, whether in the house or of the depth of the water or in the condition of the bottom or in things thereon, to be in an unsafe condition for its use in the manner in which it is apparently designed to be used, a duty imposed by law is thereby violated; and if an injury to another proximately results from the proper use of the same without contributory negligence, a recovery of compensatory damages may be had."

A right of recovery does not lie unless the injured party is free of negligence which is the proximate cause of the accident producing the injury. And so it is in the present case. If it be granted that the guard was not of such strength and height as the situation demanded, was not plaintiff's own negligence the proximate cause of the accident? To ask the question is to answer it. He admitted immediately after being injured that the fault was his own. He had imbibed some intoxicating drinks not long prior to the accident, but it is not conclusively shown that the accident was due to that influence.

Plaintiff's energetic counsel cites and discusses several cases from other jurisdictions wherein recovery was had for injuries sustained in accidents at bathing resorts, but none of these presents facts identical, or nearly so, with those of the case at bar.

He also invokes the doctrine of res ipso loquitur. It finds no application here. No inference of negligence arose from the fact of the accident. Its cause was not

hidden, but well known. No prima facie case was made out by establishing that the accident did happen. It did not happen on account of any defect in material or construction, but because the rail was not designed or intended to withstand the test plaintiff, through his own negligence, put upon it. 62 Corpus Juris, p. 879, § 81.

The judgment appealed from is correct, and it is hereby affirmed, with costs.