YARRUT, Judge.
This is a devolutive appeal from a judgment rendered by default against defendant, in a suit to recover for merchandise sold •and delivered on open account. The basis of the appeal is that plaintiff did not prove his case as required by law, .in that there is no proof of delivery of the merchandise •and no affidavit of correctness of the open •account; and, secondly, that if entitled to judgment, the interest should have been from legal demand and not from a date thirty days after the sale and delivery.
In none of these contentions is •defendant correct. The transcript of the •confirmation of default shows clearly that •counsel for plaintiff offered in evidence an itemized account of the merchandise sold and delivered, with affidavit by plaintiff of the correctness of the account.
The cases cited by defendant-appellant that plaintiff must prove every element of his case, even on default, are cases involving tort actions, contracts and other similar matters. The proof required for a confirmation by default in a suit on open account, under Art. 312 of the Code of Practice (now Art. 1702 of the LSA-Code of Civil Procedure) is an itemized statement of the account, duly attested.
Defendant-appellant filed neither exception nor answer, and since the petition recites that the money is due for goods sold and delivered on open account, per itemized statement sworn to by plaintiff, attached to petition, offered in evidence at the confirmation, the prima facie proof required by the above codal articles was satisfied.
With reference to the interest, the petition prays for legal interest from November 28, 1958, and the itemized statement shows that the date of sale and delivery was October 27, 1958, on terms of 2% for cash and net in 30 days, hence the interest began to run from November 28, 1958.
For the reasons assigned, the judgment of the First City Court is affirmed, defendant-appellant to pay all costs.
Affirmed.