JONES, Judge.
Plaintiff, Charles D. Ely, Jr., sues defendant, World Wide Héalth Studios of Lake Charles, and its insurer, Northumberland General Insurance Company, for damages he sustained in a near-drowning accident in defendant’s pool. Defendants filed a peremptory exception of no cause of action which was sustained by the trial court. Plaintiff appeals.
Among the facts alleged in plaintiff’s petition are the following:
(1) Plaintiff joined defendant’s health spa on or about July 13,1978 for a period of two years at a price of $508.80. Upon joining the spa, plaintiff was neither shown the facilities nor given any instructions as to their proper use.
(2) On July 20, 1978 plaintiff went to defendant’s facilities on Youree Drive. He first worked out in the exercise room for 1 to IMj hours and then took a shower. Plaintiff then went to the steam bath, then to the sauna, and next to the whirlpool bath, all in a total time of forty-five minutes. Plaintiff next took another cold shower and then went to the swimming pool. Plaintiff began swimming and lost consciousness. He was found on the bottom of the pool by a passing patron who pulled him from the pool and administered first aid, which action saved plaintiff’s life.
(3)Plaintiff remained in the Schumpert Medical Center from July 20, 1978 until August 1, 1978. He is now unable to pronounce words clearly, has emotionally induced stuttering, and has trouble remembering recent events.
Plaintiff contends the injuries he sustained in' his near-drowning were caused solely by defendant’s breach of duty to provide its patrons with a reasonably safe environment. Paragraph 29 of plaintiff’s petition lists the breaches as follows:
(A) Failure to provide a lifeguard for the swimming pool;
(B) Failing to instruct plaintiff on the proper and safe use of the facilities provided by defendant;
(C) Failure to instruct plaintiff as to potential hazards and other unreasonable risks associated with the use of the facilities and the equipment at defendant’s location on Youree Drive;
(D) Failure to determine what physical impairments or other problems that plaintiff might have;
(E) Failure to specifically determine plaintiff’s swimming ability;
(F) Failure to develop and provide to plaintiff a detailed exercise program outlining a reasonably safe and prudent use of the facilities;
(G) Failure to provide sufficient supervisory personnel to insure the proper use of the equipment and the safety of the patrons of the facilities;
(H) Failure to provide reasonably qualified and experienced personnel to supervise the facilities and to develop reasonably safe and efficient exercise programs;
(I) Failure to provide adequate safety procedures to protect the patrons of the establishment;
(J) Failure to employ and have readily available personnel trained in first aid procedures in the event of an occurrence such as that outlined above;
*1026 (K) Failure to provide proper and adequate first aid facilities sufficient to give adequate first aid assistance to one who is injured in the manner outlined above; and
(L) Failure to otherwise act in a reasonable and prudent manner to insure the safety of patrons of the facilities of defendant located on Youree Drive in Shreveport, Louisiana.
The issue on appeal is whether or not this exception was correctly sustained. We hold that it was not.
The purpose of an exception of no cause of action is to check the legal adequacy of plaintiff’s petition, accepting as true all well-pleaded allegations of fact. Southern Hardware Co., Ltd. v. Honeywell Information Systems, Inc., 373 So.2d 738 (La.App. 2d Cir. 1979). Every legitimate interpretation in favor of sufficiency must be given the petition in order to allow the plaintiff his day in court. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).
Liberal rules of pleading prevail in Louisiana, and each pleading should be interpreted so as to do material justice. The court should maintain a petition so as to afford the plaintiff a chance to present his evidence. LSA-C.C.P. Art. 865; Haskins v. Clary, 346 So.2d 193 (La.1977). Any doubt as to the sufficiency of the petition should be resolved in favor of the plaintiff. Godwin v. East Baton Rouge Parish School Board, 372 So.2d 1060 (La.App. 1st Cir. 1979).
In Haskins, supra, the court stated:
“The general rule applicable to trial of such exceptions is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings, (citations omitted) Because a petition is subject to more than one interpretation or is vague, does not mean that it is fatally deficient. A vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action.” (citations omitted). Id. at 195.
In Duncan v. World Wide Health Studios, Inc., 232 So.2d 835 (La.App. 2d Cir. 1970), it was recognized that the health spa is not an insurer of its patrons. In this decision the duty owed by the health spa to its patrons is defined as follows:
“. . . one of ordinary and reasonable care, including protection from negligence and reasonably discoverable hazards created by a third party. The duty includes an obligation of inspection of the premises and making them safe for the visit.” Id. at 838.
In the decision of Williams v. City of Baton Rouge, 200 So.2d 420 (La.App. 1st Cir. 1967), the court recognized the duty owed by a swimming pool proprietor to be:
. . This duty is that of ordinary reasonable care for the safety of patrons, having regard for the methods and contrivances necessarily used in conducting such a place and for the conduct of invitees using the premises in the manner they are designed and intended to be used. Benoit v. Hartford Accident & Indemnity Co., La.App., 169 So.2d 925; Walker v. Rose Hill Amusement Co., La.App., 167 So. 144; Rome v. London & Lancashire Indemnity Co. of America, La.App., 169 So. 132.” Id. at 423 (emphasis ours).
In the decision of Rome v. London & Lancashire Indemnity Co. of America, 169 So. 132 (Orl.App.1936) the court in discussing the duty owed by the swimming pool operator to a 10 year old boy who paid 25$ for the privilege of swimming, the court there stated:
. . For the price of 25 cents he was given a bathing privilege. The owners of the pool had the onus of protecting him from injury, and they recognized this obligation by employing life guards, whose duties were to protect his life and the lives of others who entered the pool.” Id. at 141.
“A proprietor of a swimming pool is in the same category as the proprietor of a theater, and it is his duty to exercise due diligence and care to see that none of the *1027 patrons of the pool are injured through his fault.” Id. at 142.
Rome, supra, was cited with approval in Benoit v. Hartford Accident and Indemnity Co., 169 So.2d 925 (La.App. 3d Cir. 1964) wherein the Rome rule on the duty of the swimming pool operator was quoted:
“. . .to exercise due diligencé and care to see that none of the patrons of the pool are injured through his fault.” Id. at 927.
In the decision of Walker v. Rose Hill Amusement Co., Inc., supra, the duty owed by the operator of a private bathing resort to its patrons was stated as:
“Dangers guarded against. — the proprietor of a theater or other place of public amusement is bound to guard against dangers that could reasonably be anticipated and averted by the exercise of ordinary care, and to furnish adequate appliances for the prevention of injuries which might be anticipated from the nature of the performance, and this is so although the precise injury could not have been foreseen. On the other hand, failure to anticipate and guard against dangers which are improbable and could not reasonably be anticipated is not negligence.” 62 Corpus Juris, p., 868, § 55; 26 R.C.L., p. 714, § 15.” (emphasis ours). Id. at 146
While there may be some difference in the method of operation of a health spa and a public swimming pool such as was involved in the decisions of Rome, Williams, Benoit, and Walker, supra, there is no real distinction in that the pool and collateral facilities are offered to the patron for compensation just as are the facilities offered to the public by the health spa.
In Duncan v. World Wide Health Studios, Inc., supra, the court recognized the health spa there to be a public facility:
“. . . The defendant clearly holds out a general invitation to the public to patronize its facilities. Defendant’s manager frankly admitted that their aim was to solicit business. Such studios do so by means of advertisements on radio, television and in newspapers.” Id. at 838.
We conclude that the duty owed by the defendant to patrons who use its swimming pool is the same duty owed by the public swimming pool operator to its patrons.
Whether there is a necessity that the patrons of defendant receive the instructions, warnings, and supervision alleged to be lacking in order to use defendant’s facilities (exercise room, steam room, sauna, whirlpool bath, and swimming pool) safely can only be determined after a trial when all the relevant circumstances are established by the evidence admissible under the allegations as per the liberal rules of Has-kins, supra.
The plaintiff is entitled to offer evidence to attempt to establish that defendant was guilty of the omissions alleged in Paragraph 29 of his petition and that the occurrence of these omissions constituted a failure on the part of the defendant:
“to exercise due diligence and care to see that none of the patrons of the pool are injured through his fault.” Rome, supra, at 142.
The merits of the defendant’s affirmative defenses of contributory negligence and assumption of risk cannot be determined until all the evidence has been introduced at the trial of this matter.
The judgment is REVERSED at defendant’s cost and the case is remanded for further proceedings.