392 So.2d 140 (1980)
BUDDY PATTERSON GATEWAY GULF SERVICE
v.
Elzie HOWELL.
No. 13560.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
*141 Robert W. Troyer, Ponchatoula, for plaintiff.
Dennis C. Kronlage, Hammond, for defendant.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
This is an appeal involving the sufficiency of evidence required to obtain a default judgment in a suit on an open account. We find that the evidence presented to the city court was not adequate to establish a prima face case. We therefore vacate the default judgment.
Plaintiff-appellee, Buddy Patterson Gateway Gulf, filed suit on an open account in the Hammond City Court, seeking $827.37 allegedly owed by defendant-appellant, Elzie Howell. No answer was filed. Plaintiff obtained a judgment by default as provided for in La.Code of Civ.P. art. 4916.
"A. If the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary.
"B. The plaintiff may obtain a final judgment only by producing relevant and competent evidence which establishes a prima facie case. When the suit is for a sum due on an open account, promissory note, negotiable instrument or other conventional obligation, prima facie proof may be submitted by affidavit. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required."
In order to obtain the judgment the plaintiff offered as evidence several items: the petition previously filed, an affidavit of the correctness of account, the citation, and the sheriff's return showing that service had been made. The petition and the affidavit both referred to "the itemized account attached hereto." However, the itemized account was not attached to either document and does not appear anywhere in the record.
Defendant-appellant urges that the default judgment is invalid for several reasons. Because we agree with his primary contention, that the evidence was not sufficient to establish the prima facie case, we find it unnecessary to address any other arguments.
Defendant argues correctly that plaintiff must introduce a copy of the itemized account in order to establish the prima facie case. A prima facie case is established only when the evidence proves the essential allegations of the petition to the same extent required if those allegations had been specifically denied. Bonfouca Investment Corp. v. Eubanks, 347 So.2d 1277 (La.App. 1st Cir. 1977); Premier Brands, Inc. v. Lloyd O. Martiny, 377 So.2d 864 (La.App. 4th Cir. 1979). If the defendant had filed an answer denying that he owed the money sued for, the judge certainly would not have rendered judgment based only on plaintiff's bald assertion that the money was owed. More evidence would be required to prove the prima facie case.
*142 La.Code of Civ.P. article 1702 governs the confirmation of default judgments in district courts and contains similar language to article 4916 which governs defaults in city courts. Article 1702 specifies that the affidavit of the correctness of the account shall be prima facie proof. Although the statute does not explicitly state that the plaintiff must produce the itemized account, the language of the statute implies that the account must be submitted. It would be meaningless to have an affidavit attesting to the correctness of an account if the account itself was not available for examination.
The fourth circuit recently interpreted article 1702 in a case similar to the instant case. The plaintiff obtained a confirmation of a default judgment in a suit on an open account. An affidavit of correctness of account was offered into evidence, reciting that the balance sued upon was correct. The record did not contain a copy of the account nor any reference to it. The balance of the account was simply stated in the affidavit. The court held that the copy of the itemized statement was essential to establish the required prima facie case. The court noted that "[A] naked declaration by an employee that the balance of some unproduced account is correct does not constitute the prima facie proof." American District Telegraph Co. v. Rault, 378 So.2d 194 (La.App. 4th Cir. 1979).
In conclusion, it is well established that the itemized statement of the account and the affidavit of correctness, are the basic requisites to obtain a default judgment in a suit on an open account. In Sobel v. R & D Distributors, Inc., 131 So.2d 570 (La.App. 4th Cir. 1961), at p. 571, this principal was stated unequivocally.
"The proof required for a confirmation by default in a suit on an open account, under Art. 312 of the Code of Practice (now Art. 1702 of the LSA-Code of Civil Procedure) is an itemized statement of the account, duly attested." (Emphasis added.)
For the reasons given above, the judgment of the city court is vacated and the case is remanded for proceedings consistent with this opinion. Plaintiff-appellee is cast for all costs.
VACATED AND REMANDED.