391 So.2d 921 (1980)
JIM McCARY, INC. d/b/a McCary Jewelers, Plaintiff-Appellee,
v.
Jessie PRICE, Defendant-Appellant.
No. 14352.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1980.
*922 James R. Hatch, Homer, for plaintiff-appellee.
C. Sherburne Sentell, Jr., Minden, for defendant-appellant.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
The defendant, Jessie Price, appeals a default judgment rendered against him in these proceedings in favor of the plaintiff, Jim McCary, Inc. The suit was upon an open account, and defendant assigns as error that the judgment was rendered upon insufficient evidence. He contends that plaintiff failed to establish a prima facie case at trial on the confirmation of the default.
The petition alleges "That your petitioner sold and delivered to said defendant on an open account certain merchandise and services at prices totaling TWO THOUSAND SEVEN HUNDRED SEVENTY-EIGHT AND 20/100 ($2,778.20) DOLLARS, as shown by the sworn statement of account." The only document attached to the petition was an affidavit by Jim McCary wherein affiant stated he was acquainted with the books of plaintiff and "That the account to which this affidavit is attached is true and correct to the best of his knowledge, information and belief, and that Jessie Price is justly indebted unto Jim McCary, Inc., d/b/a McCary's Jewelers in the full and true sum of $2,778.20." There was no statement of account attached to the affidavit.
Minutes of the proceedings wherein the default judgment was rendered reflect the following:
"May it please the Court, Your Honor, in number 26,640, Jim McCary, Inc. doing *923 business as McCary Jewelers versus Jessie Price, I'd like to take a confirmation now on open account. I'd like to offer and introduce into evidence the entire record in this matter, to include the petition, affidavit of correctness, the sheriff's return showing personal service on February 7, 1980, on the defendant, Jessie Price, the minutes of this Honorable Court showing a preliminary default having been entered on March fourth of this year and not having been set aside by answer or otherwise, two clear legal days having passed. Your Honor, I would ask for judgment as prayed for.
THE COURT: So ordered." Id. tr. 12.
The law requires that a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case:
LSA-C.C.P. art. 1702: "A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required."
A prima facie case is established only when the evidence proves the essential allegations of the petition to the same extent required as if those allegations had been specifically denied. Bonfouca Inv. Corp. v. Eubanks, 347 So.2d 1277 (La.App. 1st Cir. 1977); Premier Brands, Inc. v. Martiny, 377 So.2d 864 (La.App. 4th Cir. 1979).
In order to establish a prima facie case on an open account by affidavit, it must contain an itemized statement of account. The declaration in the affidavit of nothing more than the correctness of the unpaid balance of the account does not establish prima facie proof of the claim. American District Telegraph Company v. Rault, 378 So.2d 194 (La.App. 4th Cir. 1979); Buddy Patterson Gateway Gulf Service v. Howell, 392 So.2d 140 (La.App. 1st Cir. 1980); Carte Blanche Plumbing & Heating Repair Service, Inc. v. Haeler, 337 So.2d 654 (La.App. 4th Cir. 1976); Sobel v. R & D Distributors, Inc., 131 So.2d 570 (La.App. 4th Cir. 1961).
Plaintiff's petition contains no reference to the items of merchandise sold or the nature of the services rendered or dates of such sales and of the dates services were rendered, or the amount charged for them, other than reference to one item of merchandise in the last paragraph of the petition which reads:
"In the alternative, petitioner would accept as full satisfaction in this suit the return of the merchandise, i. e., the one ladies diamond ring set with diamonds sold to defendant." Id. p. 4.
Plaintiff contends that this allegation should be accepted in lieu of an itemized statement of account, and that said allegation establishes the account sued upon was based upon one single sale of the diamond ring set for the amount sued upon. We note first that the affidavit attached to the petition refers to a statement of account "to which the affidavit is attached" and does not relate to the petition, and for this reason alone the quoted allegation of the petition could not serve in lieu of a sworn itemized statement of account. An even more significant reason why the allegation cannot serve in lieu of a sworn statement of account is because it does not set forth that the only merchandise sold was one set of diamond rings, nor does it purport to set forth what services were rendered or the charges made for such services, and according to the earlier quoted allegation of plaintiff's petition charges for services rendered were included within the amount which defendant was alleged to have owed.
For the various reasons set forth, plaintiff's contentions that the quoted paragraph may serve in lieu of the itemized statement of account is without merit. *924 Plaintiff did not establish prima facie proof of the claim sued upon, and for this reason the judgment appealed from must be reversed and set aside.
Defendant filed in this Court a peremptory exception of prescription of three years contending the open account sued upon had prescribed as provided for in LSA-C.C. art. 3538. The peremptory exception of prescription can only be considered by this Court "if proof of the grounds of the exception appears of record." LSA-C.C.P. art. 2163.[1]
There is a total absence from the record of the facts necessary to establish the grounds for and the validity of the exception of prescription, and for this reason we deny it.
Defendant also filed in this Court an exception of no cause of action. The rules relating to the consideration of this exception of no cause of action were recently set forth by us in Ely v. Northumberland Gen. Ins. Co., 378 So.2d 1024 (La.App. 2d Cir. 1979); at p. 1026:
"The purpose of an exception of no cause of action is to check the legal adequacy of plaintiff's petition, accepting as true all well-pleaded allegations of fact. Southern Hardware Co., Ltd. v. Honeywell Information Systems, Inc., 373 So.2d 738 (La.App. 2d Cir. 1979). Every legitimate interpretation in favor of sufficiency must be given the petition in order to allow the plaintiff his day in court. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).
Liberal rules of pleading prevail in La., and each pleading should be interpreted so as to do material justice. The court should maintain a petition so as to afford the plaintiff a chance to present his evidence. LSA-C.C.P. art. 865; Haskins v. Clary, 346 So.2d 193 (La.1977). Any doubt as to the sufficiency of the petition should be resolved in favor of the plaintiff. Godwin v. East Baton Rouge Parish School Board, 372 So.2d 1060 (La.App. 1st Cir. 1979).
In Haskins, supra, the court stated:
`The general rule applicable to trial of such exceptions is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings. (citations omitted). Because a petition is subject to more than one interpretation or is vague, does not mean that it is fatally deficient. A vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action.' (citations omitted). Id. at 195."
The evaluation of plaintiff's petition establishes that though it is vague and inarticulately drawn, it still states a cause of action within the criteria set forth in the authorities cited above, and for that reason it is not subject to the exception of no cause of action.
For the reasons set forth the judgment appealed from is REVERSED and set aside and the case is REMANDED for further proceedings in accordance with law. The costs incurred in this appeal are assessed against the appellee, Jim McCary, Inc., d/b/a McCary Jewelers.
NOTES
[1] LSA-C.C.P. art. 2163: "The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.

If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception."