WATKINS, Judge.
Defendant, Hobart Construction Company (Hobart), appeals a judgment by default rendered by the City Court of Slidell in favor of plaintiff, Utility Fabricators, Inc., and against the defendant in the sum of $4,450.78 with interest thereon and for all costs of the proceedings. The court also awarded 25% attorney’s fees; however, after denying a motion for a new trial, the court disallowed the award for attorney’s fees, stating the contract for 25% attorney’s fees was a unilateral act on the part of plaintiff and further stated that a new trial would be granted on that point alone, if desired by the parties.
The defendant argues on appeal that the default judgment entered against it is void because the trial court failed to require a preliminary default prior to confirmation of default as required by LSA-C.C.P. art. 1701, et seq. Furthermore, the defendant contends that the plaintiff failed to produce relevant and competent evidence sufficient to establish a prima facie case. We affirm the trial court decision for the following reasons.
This suit involves the alleged sale of construction materials to the defendant on open account. The plaintiff delivered custom size pipe to the defendant on June 10, 1985, and subsequently made demand on the defendant to pay that account on September 5, 1985. No payment being made within thirty days of the demand, the plaintiff instituted suit on October 8,1985. The plaintiff filed suit in the City Court of Slidell pursuant to former LSA-C.C.P. art. 4843, which provides the city courts with civil jurisdiction concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed ten thousand dollars. Also in effect at the time of the suit were former Louisiana Code of Civil Procedure articles 4901, 4902 and 4903, which provided as follows:
Art. 4901. Cases involving more than five thousand dollars
Except as provided for the appellate delay in appeals by Article 5003, the procedure in parish and city courts in cases *451 where the amount in dispute exceeds five thousand dollars shall be the same as that provided by law for a civil case in the district court of the parish in which the parish or city court is situated.
Art. 4902. Cases involving five thousand dollars or less
In suits in parish court, when the amount in dispute exceeds one thousand dollars but is five thousand dollars or less, and in suits in city court, when the amount in dispute exceeds one thousand dollars but is five thousand dollars or less, written pleadings shall be required, but the delays for answering and all other procedures, except for judgment by default as provided in Article 4903, shall be as provided in Articles 4911 through 4920.
Art. 4903. Cases involving five thousand dollars or less; judgment by default
A. In suits in a parish court or a city court where the amount in dispute is five thousand dollars or less, if the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary.
Approved June 29, 1984.
The defendant contends that, pursuant to these articles of the Code of Civil Procedure, the trial court should have followed the default procedure that must be used by the district courts (i.e., to obtain a preliminary default prior to confirmation of default) and due to this failure the judgment of default is null and void. The defendant asserts that the proper calculation of the amount in dispute should include the 25% attorney's fees and interest, thus causing the amount in dispute to exceed $5,000.00. We disagree.
Code of Civil Procedure Article 4841 provides that:
A. The subject matter jurisdiction of parish courts and city courts is limited by the amount in dispute and by the nature of the proceeding, as provided in this Chapter.
B. For the purposes of this Chapter, the amount in dispute is determined by the amount demanded or value asserted in good faith by the plaintiff, but does not include interest, court costs, attorney fees, or penalties, whether provided by agreement or by law.
(Emphasis added.)
Therefore, it is clear that for purposes of jurisdiction attorney’s fees and interest are not included in determining the amount in dispute. Although article 4841 specifically limits itself to the Chapter dealing with subject matter jurisdiction, we see no valid reason why the calculation of the “amount in dispute” for procedural purposes should be any different than that established by the legislature for the granting of the ultimate power of jurisdiction. We therefore hold that for purposes of determining the amount in dispute under former article 4901, attorney’s fees, interest, court costs and penalties will not be included.
The second issue presented by this case is whether the plaintiff introduced sufficient evidence to establish a prima facie case for judgment by default under former article 4916 which provides:
A. If the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary.
B. The plaintiff may obtain a final judgment only by producing relevant and competent evidence which establishes a prima facie case. When the suit is for a sum due on an open account, promissory note, negotiable instrument or other conventional obligation, prima facie proof may be submitted by affidavit. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
The evidence presented by the plaintiff in support of its claim includes: a verified petition, live testimony of an employee of Hobart Construction identifying the invoice of the Hobart account, the invoice of the account, an affidavit of correctness of ac *452 count, the citation, and the sheriffs return showing that the service had been made.
“A prima facie case is established only when the evidence proves the essential allegations of the petition to the same extent required if those allegations had been specifically denied.” Buddy Patterson Gateway Gulf Service v. Howell, 392 So.2d 140, 141 (La.App. 1st Cir.1980) (citation omitted). Furthermore, where the suit is on open account, the plaintiff must introduce a copy of the itemized account in order to establish a prima facie case. Id.
We find the evidence presented by the plaintiff sufficient to establish a prima fa-cie case on open account. The invoice, together with a supporting affidavit and live testimony of an employee familiar with the account, is sufficient to establish a pri-ma facie case under former LSA-C.C.P. art. 4916, on open account.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.