WICKER, Judge.
This appeal arises from a judgment of default taken in Second Parish Court for the Parish of Jefferson on behalf of Concept 29 Uniform Service, Division of G & K Services, Inc. (Concept) against Patrick L. Roe and William Richmond both d/b/a Pat’s Tire & Auto Service, Inc. jointly and in solido. Only William Richmond (Richmond) appeals the judgment rendered for the sum of $2,176.74 plus interest, costs and attorney’s fees of 33⅛ per cent. We set aside the judgment of default in part, affirm in part, and remand.
On July 6, 1988 Concept filed a petition for damages as the result of breach of contract and/or La. R.S. 9:2781. Attached to its non-verified petition was an alleged contract styled “Uniform Rental Service Agreement” between G & K Services and Pat’s Tire & Auto Service. Only two signatures are contained therein: “Patrick Roe, Owner” and “Zachary T. Heard” for G & K. Neither Richmond’s name nor signature is on the alleged contract.
In its petition Concept alleged the defendants breached the contract. It referred to an itemized breakdown of the “liquidated damages, services rendered and loss charge.” However no itemized attachment is in the record. It further alleged personal liability on the part of defendants.
Also filed on the same date as the petition was an affidavit executed by Zachary T. Heard, III. He averred he is the Vice-President of Concept and that:
the annexed itemized statement of the account of PATRICK L. ROE and WILLIAM RICHMOND, both d/b/a PAT’S TIRE & AUTO SERVICE INC. and PAT’S TIRE & is true and correct; AUTO SERVICE INC. [sic] that all credits have been allowed thereon; that there are no set-offs and no counter-claims to same, and that the balance shown there of TWO THOUSAND ONE HUNDRED SEVENTY-SIX and 74/100 DOLLARS is past due and owing on said account.
Despite the language in the affidavit that an itemized statement is annexed, there is no annexed statement.
On July 28, 1988 and September 12, 1988 an “Affidavit of Correctness of Account and/or Note and Non-Military Service” executed by Zachary T. Heard was filed. In this affidavit he avers in part:
That he is the General Manager of G & K Services, Inc. plaintiff in the above entitled and numbered cause; that he is familiar and well acquainted with the account of Patrick L. Roe, et als defendants) in the above captioned cause; that plaintiff is the owner and holder (in due course, for value, of the promissory note herein sued upon; that the true and correct amount owed to plaintiff on said note by the above named defendants) is $2,176.74 plus interest and at *611 torney’s fees as prayed for; all subject to a credit of $0. [emphasis added].
Through the affidavit, Concept avers that defendants executed a promissory note in addition to the alleged contract. On September 12,1988 the trial court rendered judgment in favor of Concept and against Patrick L. Roe and Richmond while reserving its rights against Pat’s Tire & Auto Service, Inc. We have no indication in the record before us whether Patrick L. Roe has been served with the default judgment as required by La.C.Civ.P. art. 1913. Therefore, while we question the sufficiency of the evidence as it applies to this party as well, we recognize that he is not presently a party to this appeal.
Appellant Richmond specifies the following error:
That the judgment rendered by the trial court in this matter is contrary to the law and evidence, there having been insufficient evidence presented to substantiate a judgment against appellant.
We agree for the following reasons.
La.C.Civ.P. art. 4904 provides for judgments by default in parish courts as follows:
A. In suits in a parish court or a city court, if the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary.
B. The plaintiff may obtain a final judgment only by producing relevant and competent evidence which establishes a prima facie case. When the suit is for a sum due on an open account, promissory note, negotiable instrument, or other conventional obligation, prima facie proof may be submitted by affidavit. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
C. When the sum due is on an open account, promissory note, negotiable instrument, or other conventional obligation, a hearing in open court shall not be required unless the judge in his discretion directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law ... [Emphasis added].
In order to obtain a default judgment Concept “must prove , all the essential allegations of [its] petition as fully as if they had been specifically denied.” Allen v. Brandt, 438 So.2d 712, 713 (La.App. 2nd Cir.1983).
Plaintiff/appellee, Concept, bears the burden of proving the essential allegations. We recently explained in First Fin. of La. Sav. & Loan v. Kraft, 532 So.2d 931, 933 (La.App. 5th Cir.1988):
In order to confirm a judgment by default, the plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant. Bonfouca Inv. Corp. v. Eubanks, 347 So.2d 1277, 1278 (La.App. 1st Cir.1977). Accord: Eddie’s Hardware, Inc. v. Rago, 320 So.2d 276 (La.App. 4th Cir.1975).
Looking at the documents[1] contained in the record, we find no evidence that Richmond is personally liable to Concept either on a promissory note, open account, or contract. Since the trial judge awarded attorney’s fees he evidently considered the claim to be a suit on an open account with attorney’s fees allowed to the successful plaintiff. La.R.S. 9:2781. However, “an affidavit attesting to the correctness of an account [is meaningless] if the account itself [is] not available for examination.” Buddy Patterson Gateway Gulf Serv. v. Howell, 392 So.2d 140, 142 (La.App. 1st Cir.1980). In the case at bar there is no itemized statement of the alleged account. The itemized statement is essential to establishing a prima facie case. Id. at 142. Accord American District Telegraph Co. v. Rault, 378 So.2d 194 (La. *612 App. 4th Cir.1979); Sobel v. R & D Distributors, Inc., 131 So.2d 570 (La.App. 4th Cir.1961).
Furthermore, there is no evidence of written demand to Richmond for payment as required by La.R.S. 9:2781. Therefore, the trial court’s award of attorney’s fees pursuant to La.R.S. 9:2781 is erroneous. Accord Riverland Food Corp. v. Carriage Meat Co., 449 So.2d 1181 (La.App. 5th Cir.1984); Corroon & Black of Louisiana, Inc. v. O’Regan, 478 So.2d 1367 (La.App. 4th Cir.1985) and the cases cited therein. La.R.S. 9:2781 is a penal statute which must be strictly construed. Capital Recovery Assistance, Inc. v. Nelson, 424 So.2d 357 (La.App. 2d Cir.1982); United Distributors, Inc. v. Redfern, 449 So.2d 580 (La.App. 1st Cir.1984).
We also note that Richmond’s signature is not on the alleged contract. On confirming a default, the court in Buffalo Specialty Co. v. G. Pitard’s Sons, 14 Orl. App. 395 (1917) required plaintiff to prove that the notes signed “G. Pitard’s Sons” were indeed executed by “Widow Gustave Pitard” under the allegation that she was doing business under the name. Judgment against “Widow Gustave Pitard” would be reversed if proof had not been established.
Since Concept’s proof does not support a judgment against Richmond, the judgment of default entered against Richmond on September 12, 1988 is set aside and the case is remanded. Richmond is allowed ten days from the date this judgment becomes final to file responsive pleadings. Costs will await final disposition of the case.
JUDGMENT SET ASIDE IN PART; AFFIRMED IN PART AS IT APPLIES TO THE OTHER DEFENDANTS, AND REMANDED.

. Although appellee refers in brief to other documents filed in support of its judgment these alleged documents are not in the record.