WATKINS, Judge.
This is an appeal by an individual, Lonnie McLennan, from a default judgment rendered against him in favor of plaintiff, Dudley J. Arnaud d/b/a Dud Amaud’s Speed Shop. Having reviewed the record in its entirety, we conclude that the default judgment is contrary to the pertinent statute and the controlling jurisprudence.
On August 13, 1990, Mr. Arnaud filed suit against “Frank’s Door Co.” alleging a debt on open account in the amount of $657.87, plus legal interest; the suit also demanded reasonable attorney’s fees and costs. The allegations were that plaintiff sold “merchandise and/or labor services to defendant on open account” as shown on the attached in *12 voices and/or itemized account. Attached to the petition was a demand letter, dated July 11, 1990, to Frank’s Door Co. stating the “correct amount” to be $657.87. Also attached were copies of two invoices.[1] Both invoices, plus the demand letter, were addressed to “7731 Elmonte Drive, Baton Rouge, LA.”
Thereafter, plaintiff filed a first amending petition changing the name of the defendant to “Frank’s Door & Building Supply Co., Inc.” Finally, on April 14, 1992, plaintiff filed a second supplemental and amending petition, maintaining Frank’s Door & Braiding Supply Co., Inc. as a named defendant and adding Frank P. Distensire, Jr.[2] and Lonnie McClennan as defendants. Attached to the second amending petition was a demand letter dated March 10, 1992, and addressed to “Mr. Lennie McClennan, c/o Tire Center Inc., 376 N. Foster Drive, Baton Rouge, Louisiana 70806.” The receipt for certified mail was signed on the “agent” line by a person with the last name of “Garner” and it is dated March 12,1992. Copies of the two invoices previously described are attached to the second amending petition and were presumably attached to the demand letter.
On July 24, 1992, an entry in the court minutes shows that the plaintiff filed a written motion for preliminary default against Lonnie McClennan. On August 6, 1992, plaintiff filed into the record an “affidavit of correctness of account” by Dudley Arnaud dated July 30, 1992. He affirmed that he was “familiar with the account of Frank’s Door Co.” and that the principal balance due to his business, Dud Arnaud’s Speed Shop, by “Lonnie McLennan and Frank Dispen-sire, Jr.” was $657.87. On August 21, 1992, the trial court judge rendered and signed a judgment in the plaintiffs favor against “Lonnie McLennan” for the sum of $657.87 with legal interest from date of judicial demand (April 14,1992), and for attorney’s fees in the amount of 25% of the principal and interest. Except for the motion for preliminary default and the affidavit, there was nothing filed in the record immediately preceding or contemporaneously with the judgment dated August 21, 1992. However, the court minutes for August 17, 1992, state that “[jjudgment was filed this date on behalf of plaintiff ... seeking judgment ... against Lonnie McLennan.... Same was submitted to judge for signature.”
The applicable statute is La.C.C.P. art. 4904, which provides, in pertinent part, that the plaintiff may obtain a final judgment “only by producing relevant and competent evidence which establishes a prima facie case,” and “prima facie proof may be submitted by affidavit.”
The question then becomes: what is prima facie proof of an open account? The case of Buddy Patterson Gateway Gult Service v. Howell, 392 So.2d 140 (La.App. 1st Cir.1980), is dispositive of the issue. Therein, this court held a default judgment obtained in City Court of Hammond was invalid because the plaintiff failed to introduce a copy of the itemized account in order to establish a pri-ma facie case. This court noted that although' the statute did not explicitly state a plaintiff must produce the itemized account, the language of the statute (then La.C.C.P. art. 4916) implied that it was necessary. “It would be meaningless to have an affidavit attesting to the correctness of an account if the account itself was not available for examination.” 392 So.2d at 142. In Howell, we noted that the requirements for a prima facie case in city court mirrored the requirements *13 for a prima facie case in district court under La.C.C.P. art. 1702..
We now note a recent case, Sessions & Fishman v. Liquid Air Corporation, 616 So.2d 1254 (La.1993), wherein Justice Kim-ball considered the issue of what constitutes sufficient proof in district court to confirm a default judgment taken without a hearing in a suit on open account under LSA-C.C.P. art. 1702.1. The court concluded:
It is clear that the legislature did not intend to change the prima facie proof necessary to confirm a default judgment when it provided a procedure [in LSA-C.C.P. art. 1702.1] to authorize its obtainment without a hearing. The jurisprudential interpretation of the prima facie proof sufficient to support a judgment of default in a suit on an open account, consisting of a statement of the account or invoice and an affidavit attesting to the correctness thereof, remains unchanged.
616 So.2d at 1261. The court held that the plaintiff, Sessions & Fishman, failed to provide sufficient proof by its failure to offer in evidence the necessary statement of account or invoices to prove the existence of the basis of its demand.
Likewise, in the instant case there is no indication in the record that the plaintiff submitted any proof with the proposed written judgment. The affidavit, absent the invoices or statement of account, was insufficient to satisfy the requirements of the statute and the jurisprudence.
Appellee’s reliance on Ruston State Bank & Trust Company v. Streeter, 545 So.2d 1255 (La.App. 2d Cir.1989) is misplaced, for in that ease, wherein invoices were attached to the petition, the entire record was introduced in support of the judgment. Assuming for the sake of argument that Ruston State Bank is still good law, there is no indication in the instant case that the entire record was offered into evidence. In Sessions & Fish-man, the court stated:
Attachment of the statement of account, invoices, or affidavit to the petition is not sufficient to satisfy the requirements of LSA-C.C.P. arts. 1702(B)(3) or 1702.1. The statement of account or invoices, and the affidavit attesting to the correctness of the account, must be offered in evidence either at a hearing under the provisions of Article 1702(C) or with the proper certifications under Article 1702.1. If only attached to the petition, the statement of account or invoices and affidavit merely form a part of the record and cannot be considered competent evidence to support a judgment until offered as such.
616 So.2d at 1260, n. 11.
We pretermit discussion of the other errors urged by appellant or other grounds for reversal of the trial court judgment,[3] as the error previously noted is dispositive of the appeal.
Accordingly, we vacate the judgment of the trial court and remand the case for further proceedings consistent with this opinion. We east appellee for all costs of this appeal.
JUDGMENT VACATED; CASE REMANDED.

. The first invoice, dated "7-3-89," listed "Frank’s Door Co.” on the "in account with” line and showed a sub-total of $322.65 with a total of $345.24, but with no amount inscribed on the “tax" line; a notation on the face of the invoice read "48500 battery kit” and added the sum of $41.74 to the $345.24 total. The second invoice, dated "9-5-89,” listed "Lonnie McLen-nan," then "Frank’s," on the "in account with,” line and showed a sub-total of $253.17 with a total of $270.89, but with no amount inscribed on the "tax” line. On the page immediately below the second invoice, the amount of $657.87 was written in.

. Answers to plaintiff's petitions were filed on behalf of the corporation and Mr. Distensire pri- or to the rendition of the default judgment that is before us on appeal.

. Indeed, our holding in Gulf States Asphalt Company, Inc. v. Baton Rouge Services, Inc., 572 So.2d 148 (La.App. 1st Cir.1990), appears to be on point here. Therein, we stated that in a suit on open account, it is of crucial importance that an itemized statement of the account be produced. The two invoices in the instant case hardly qualify as an accurate itemization of account.
Additionally, the holding in Eddie's Hardware, Inc. v. Rago, 320 So.2d 276 (La.App. 4th Cir.1976), a case cited with approval by the court in Sessions & Fishman, appears to be applicable to the instant factual situation, as both cases involve the alleged liability of an individual for a debt of a corporation.